UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:08-CV-00106-TBR

LINDA C. COOPER v. KELLY DREW, et al.

# JURY INSTRUCTIONS

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the plaintiff has proven his case against the defendants by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's

believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

The Rules of Evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses, who, by education and experience, have become experts in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be an expert, and may also state their reasons for the opinion. You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give

them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous.  That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine you own views and change your opinion, if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## INSTRUCTION NO. 1

In order to prove plaintiff's claim, the burden is upon plaintiff to establish by a preponderance of the evidence each of the following elements:

First: That defendants performed acts that operated to deprive plaintiff of one of plaintiff's federal Constitutional rights, as defined and explained in these instructions as using excessive force against plaintiff during the course of plaintiff's arrest;

Second: That defendants then and there acted under the color of state law; and

Third: That defendants' acts were the proximate cause of damages sustained by plaintiff.

Because Defendant Deputy Kelly Drew was an official of Marshall County, Kentucky at the time of the acts in question, defendants were acting under color of state law. In other words, the second requirement is satisfied.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

## INSTRUCTION NO. 2

### Excessive Force

Plaintiff Linda Cooper claims that Defendant Deputy Kelly Drew used excessive force when he arrested her. In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effect the arrest. Whether or not the force used in making an arrest was unreasonable is a question to be determined by you in light of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in this case. In determining whether the defendant police officer used excessive force, you may consider:

1. The extent of the injury suffered,

2. The need for the application of force,

3. The relationship between the need and the amount of force used,

4. The threat reasonably perceived by the responsible officials, and

5. Other factors you believe to be relevant.

The reasonableness of a particular use of force must be judged from the prospective of a reasonable officer on the scene, rather than with hindsight. The nature of the reasonableness must allow for the fact that police officers are often forced to make split-second judgments – under circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one. The question is whether the defendant police officer's actions are objectively reasonable in light of the facts and circumstances

confronting him, without regard to their underlying intent or motivation.

## INSTRUCTION NO. 3

### Failure to Supervise

Plaintiff Linda Cooper makes a claim, not only against the defendant police officer involved in the incident, but also against the municipality. In order for Defendant Marshall County, Kentucky, the municipality, to be liable to plaintiff, plaintiff must show:

First: That defendant police officer violated plaintiff's constitutional rights, and

Second: That defendant municipality either encouraged the specific incident of misconduct or in some other way directly participated in it.

At a minimum, plaintiff must show that defendant municipality at least officially authorized, approved, or knowingly went along with the unconstitutional conduct of the defendant police officer.

Personal participation in the immediate act that violated the plaintiff's rights in not required. It is sufficient if the defendant municipality set in motion a series of acts by others, or knowingly refuses to terminate a series of acts by others, which the defendant police officer knows or reasonably should know would cause others to inflict the constitutional injury.

## INSTRUCTION NO. 4

### Failure to Train

Plaintiff Linda Cooper claims to have been injured as a result of Defendant Marshall County, Kentucky's failure to properly train its officers and that this alleged failure can be considered to be the official policy of the defendant municipality.

In order for Defendant Marshall County, Kentucky to be liable to plaintiff, plaintiff must show:

First: That defendant police officer violated plaintiff's constitutional rights, and

Second: That defendant municipality's training program was inadequate to train its officers and employees to carry out their duties, and

Third: The need for more training or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of defendant municipality can reasonably be said to have been deliberately indifferent to the need for such training, and

Fourth: The failure of defendant municipality to prove proper training was a cause of the injury to plaintiff.

"Deliberate indifference" to the rights of others is the conscious or reckless disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or ordinary lack of due care.

# INSTRUCTION NO. 5

## Compensatory and Nominal Damages

If you find for Plaintiff Linda Cooper, you must determine plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for the deprivation of the civil right proximately caused by the defendants. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

1.  Plaintiff's physical or emotional pain and mental anguish.

If you find for plaintiff, but find that plaintiff has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar. The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

## INSTRUCTION NO. 6

### Punitive Damages

In addition to the damages mentioned in other instructions, the law permits the jury to under certain circumstances to award the injured person punitive damages in order to punish the defendant police officer for some extraordinary misconduct and to serve as an example or warning to other not to engage in such conduct.

If you find in favor of plaintiff and against Defendant Deputy Kelly Drew then, in addition to any other damages to which you find plaintiff entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish or deter defendant police officer and others from like conduct in the future. Whether to award plaintiff punitive damages and the amount of those damages are within your sound discretion.

## JURY VERDICT FORM

We, the jury, unanimously find that Defendant Deputy Kelly Drew used excessive force as described in Instruction No. 2 when he arrested Plaintiff Linda Cooper.

YES _____        NO __X_____

_[signature]_                           Aug. 24, 2009
Foreperson Signature                    Date

If you answered "NO" please return to the courtroom. If you answered "YES" please proceed to the next instruction.

# JURY VERDICT FORM

We, the jury, unanimously find that Defendant Marshall County, Kentucky failed to supervise as described in Instruction No. 3.

YES _____          NO _____


_____          _____
Foreperson Signature                                    Date


Please proceed to the next instruction.

## JURY VERDICT FORM

We, the jury, unanimously find that Defendant Marshall County, Kentucky failed to train as described in Instruction No. 4.

YES _____      NO _____

_____      _____
Foreperson Signature                        Date

Please proceed to the next instruction.

## JURY VERDICT FORM

We, the jury, award Plaintiff Linda Cooper compensatory damages for pain, suffering, and mental anguish as described in Instruction No. 5 in the amount of $ _____ (or if you find that plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00).


_____        _____
Foreperson Signature                                       Date


Please proceed to the next instruction.

## JURY VERDICT FORM

We, the jury, award Plaintiff Linda Cooper punitive damages as described in Instruction No. 6 in the amount of $ _____ .


_____     _____

Foreperson Signature                              Date


Please return to the courtroom.